**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| DARIUS HEIMER GITTENS, | : | |
| | : | |
| Plaintiff, | : | Civ. No. 23-17721 (RBK) (EAP) |
| | : | |
| v. | : | |
| | : | |
| RYAN PEPPER, et al., | : | **OPINION** |
| | : | |
| Defendants. | : | |

**ROBERT B. KUGLER, U.S.D.J.**

**I.   INTRODUCTION**

Plaintiff, Darius Heimer Gittens ("Plaintiff" or "Gittens"), is a state prisoner proceeding *pro se* with a civil complaint. (*See* ECF 1). The complaint was initially filed in No. 21-17348. In September 2023, this Court partially screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 1915A with respect to Plaintiff's claims against the Defendants from the Northern State Prison ("NSP"). (*See* ECF 2 & 3). Plaintiff's retaliation claims against two Defendants from the NSP were permitted to proceed past screening. (*See id.*). However, most of Plaintiff's complaint related to circumstances arising while he was incarcerated at Bayside State Prison ("BSP") thereafter. Thus, this Court severed the remaining portion of Plaintiff's complaint thereby creating this new action.

Given this newly created civil action, this Court then noted as follows:

> Plaintiff has already successfully applied for *in forma pauperis* status and need not do so again in this newly opened severed case. However, this Court is mindful that considering this severance, Plaintiff will have to pay another filing fee in installments through deductions in his prison account. Recognizing this will be a hardship on Plaintiff, prior to this Court conducting its *sua sponte* screening of Plaintiff's newly opened case which has been severed

> from this one, the Court will give Plaintiff an opportunity to state
> in that case whether he wishes to proceed.

(ECF 2 at 9).

Plaintiff next filed a motion for the appointment of *pro bono* counsel on September 15, 2023. (*See* ECF 5). Subsequently, on January 31, 2024, before this Court had screened Plaintiff's now severed complaint in this newly opened action or decided Plaintiff's motion for the appointment of *pro bono* counsel, Plaintiff filed a motion seeking removal/transfer, which this Court construes as a motion for recusal. (*See* ECF 6).

Given Plaintiff's recent filings, it is clear he wishes to proceed in this newly opened action. Thus, this Court's previous order granting Plaintiff *in forma pauperis* status will carry over into this case. The relevant account deductions will be applied so that Plaintiff can pay the $350.00 filing fee in installments in this case.

In addition to deciding Plaintiff's two outstanding motions, this Court must also screen Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether the remaining portion of the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or whether Plaintiff seeks monetary relief from a defendant who is immune from suit. For the following reasons, Plaintiff's complaint shall be dismissed without prejudice for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. Plaintiff's motion for the appointment of *pro bono* counsel shall be denied without prejudice. Plaintiff's motion for recusal shall also be denied.

## II.      FACTUAL AND PROCEDURAL BACKGROUND

The operative pleading in this case is sixty-five pages, contains 248 paragraphs and names over fifty Defendants from several different New Jersey state facilities. In September 2023, this Court screened the first few allegations of Plaintiff's complaint, most notably, the

factual allegations related to purported retaliation Plaintiff suffered from two Defendants at NSP. Ultimately, this Court permitted Plaintiff's retaliation claim against two NSP Defendants to proceed past screening. (*See* ECF 2 at 4-6). However, the remainder of the complaint was severed forming this newly opened 2023 action. (*See id.* at 6-9).

Defendants come from several different New Jersey state facilities, including BSP, New Jersey State Prison ("NJSP"), South Woods State Prison ("SWSP"), and the New Jersey Department of Corrections' Central Office ("COHQ"). Plaintiff's complaint against the Defendants arises from his incarceration in various New Jersey State facilities from the fall of 2019 into 2020. Some of the legal claims raised include the following:

1. Retaliation;

2. Theft of personal property;

3. Fabricating disciplinary proceedings;

4. Errors in disciplinary proceedings;

5. Conditions of confinement;

6. Americans with Disabilities Act violations;

7. Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") violations;

8. RICO violations;

9. New Jersey Law Against Discrimination violations;

10. New Jersey law Against Disability Discrimination violations; and

11. Tort claims.

Plaintiff seeks monetary damages and injunctive relief. (*See* ECF 1 at 65).

### III.    LEGAL STANDARD

District courts must review complaints in civil actions in which "a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *See* 28 U.S.C. § 1915A(a). District courts may *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b). According to the United States Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the [alleged] misconduct." *Iqbal*, 556 U.S. at 678. Moreover, while courts liberally construe *pro se* pleadings, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

In addition to these pleading rules, however, a complaint must satisfy Federal Rule of Civil Procedure 8(a), which states that:

> (a) A pleading that states a claim for relief must contain[:] (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

"Thus, a *pro se* plaintiff's well-pleaded complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a 'short and plain' statement of a cause of action." *Johnson v. Koehler*, No. 18-00807, 2019 WL 1231679, at *3 (M.D. Pa. Mar. 15, 2019). Stated differently, Rule 8 requires a showing that the plaintiff is entitled to relief in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)) (other citations omitted).

## IV.   DISCUSSION

### A.   Screening – Rule 8

Noting the principles outlined above, this Court finds that Plaintiff's "diary-like" complaint fails to comply with Federal Rule of Civil Procedure 8 such that it will be dismissed without prejudice. *Accord Williams v. Willingboro Twp.*, No. 20-1114, 2020 WL 3481773, at *2 (D.N.J. June 26, 2020) (citing *Favoroso v. New Jersey*, No. 11-5061, 2012 WL 1372280, at *2 (D.N.J. Apr. 19, 2012)). The complaint is not simple, concise, direct and does not set forth "a short and plain statement of the claim[s] showing the pleader is entitled to relief." *See id.* (quoting Fed. R. Civ. P. 8(a)(2)) (citing *Favoroso*, 2012 WL 1372280, at *2).

Instead, the sixty-five page complaint is drafted in a hyper-detailed day-by-day manner that makes "it arduous to sift through . . . and . . . stich together the relevant allegations in relation to" the over two dozen claims Plaintiff raises against over fifty individual Defendants. *See Mobley v. Wetzel*, No. 14-35, 2016 WL 11452949, at *1-2 (M.D. Pa. Feb. 11, 2016), *report and recommendation adopted*, 2016 WL 1253492 (M.D. Pa. Mar. 31, 2016). If Plaintiff wishes to submit an amended complaint, he shall: "(1) refrain from repeating allegations, unless absolutely necessary; (2) *include allegations about each defendant in a single location* rather

than scattering the allegations throughout the pleading; (3) refrain from going into detail about every single discussion that may have occurred, unless absolutely relevant to the claims; (4) refrain from discussing" background information or other events that "only have a tangential relation to the underlying claims; (5) refrain from arguing and using conclusive allegations; and (6) refrain from providing a day-by-day account of underlying events, unless the dates are relevant to the claims." *See Mobley*, 2016 WL 11452949, at *2 (emphasis added).

In any proposed amended complaint that Plaintiff may elect to file, this Court also reminds Plaintiff of joinder rules which this Court can raise *sua sponte* in any subsequent screening. *See Chen v. Zhang,* No. 10–6255, 2011 WL 612727, at *2 (E.D. Pa. Feb.10, 2011) (citing Fed. R. Civ. P. 21; *Schulman v. J.P. Morgan Inv. Mgmt., Inc.,* 35 F.3d 799, 804 (3d Cir.1994); *Braverman v. Kaskey, P.C. v. Toidze,* No. 09–3470, 2010 WL 4452390, at *2 (E.D. Pa. Nov.4, 2010)). Federal Rule of Civil Procedure 18(a) states that "[a] party asserting a claim . . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." In a multi-defendant case like this one, however, the propriety of joinder is most directly controlled by the Rule 20 limits on joinder of defendants. Federal Rule of Civil Procedure 20(a)(2) states:

> Persons . . . may be joined in one action as defendants if:
>
> (A) Any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction or occurrences; and
> (B) Any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). *See also McDaniel v. Lanigan,* No. 12–3834, 2012 WL 5880371, at *3 (D.N.J. Nov. 21, 2012) (claims by prisoners are not exempt from Rules 18 and 20) (citing *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007)). Rule 20's requirements are to be liberally

construed in the interest of convenience and judicial economy. *See Paladino v. Newsome,* No. 12–2021, 2012 WL 3315571, at *5 (D.N.J. Aug. 13, 2012) (citing *Swan v. Ray,* 293 F.3d 1252, 1253 (11th Cir. 2002)). This application though, however liberal, "is not a license to join unrelated claims and defendants in one lawsuit." *Id.* (citing *Pruden v. SCI Camp Hill,* 252 F. App'x 436 (3d Cir. 2007) (per curiam); *George,* 507 F.3d 605; *Coughlin v. Rogers,* 130 F.3d 1348 (9th Cir. 1997)).

As courts have noted, prisoners' attempts to lump numerous grievances about life in a single prison, let along multiple prisons are disfavored. *See McKinney v. Prosecutor's Office*, No. 13-2553, 2014 WL 2574414, at *15 (D.N.J. June 4, 2014); *see also Miller v. Lanigan,* No. 12–4470, 2013 WL 1750138, at *2 (D.N.J. Apr. 23, 2013) (stating that a plaintiff cannot "lump" all his challenges into a single pleading in violation of Federal Rules of Civil Procedure 18 and 20). Only if there is at least one claim properly joining *all* defendants can the plaintiff then invoke Rule 18 to append other claims relating to only *some* defendants. "Despite the broad language of Rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts *at least one claim* to relief against *each* of them that arises out of the same transaction or occurrence and presents questions of law or fact common to *all."* 7 Charles Alan Wright et al., Federal Practice and Procedure § 1655 (3d ed.) (emphasis added). Then, and only then, "Rule 18 may be invoked independently to permit plaintiff to join as many other claims as plaintiff has against the multiple defendants or any combination of them, even though the additional claims do not involve common questions of law or fact and arise from unrelated transactions." *Id.*

Any proposed amended complaint should adhere to these joinder rules should Plaintiff elect to file one.

B. Motion for the Appointment of *Pro Bono* Counsel

Plaintiff has filed a motion for the appointment of *pro bono* counsel. (*See* ECF 5). Indigent persons raising civil rights claims have no absolute right to counsel. *See Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). To appoint pro bono counsel, there must be some merit in fact or law to the claims the plaintiff is attempting to assert. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993). Furthermore, in determining whether to appoint counsel, a court considers the following: (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; and (6) whether the plaintiff can attain and afford counsel on his own behalf. *See id.* at 155–56, 157 n.5; *see also Cuevas v. United States*, 422 F. App'x 142, 144–45 (3d Cir. 2011) (reiterating the *Tabron* factors). Additionally, the power to grant appointment of counsel lies solely with the discretion of this Court. *See Tabron*, 6 F.3d at 155.

As noted above, Plaintiff's complaint in this action is dismissed without prejudice for failure to comply with Rule 8. Given that the complaint is dismissed, Plaintiff has not shown yet that there is some merit in fact or in law to his claims. Accordingly, the motion for the appointment of pro bono counsel is denied.

C. <u>Motion for Removal & Transfer</u>

Finally, Plaintiff seeks the recusal of the undersigned and the Magistrate Judge.[1] Plaintiff maintains that the delay in screening his complaint has caused him prejudice as some of the named Defendants no longer work at the New Jersey Department of Corrections which will make service difficult.[2] The legal standard for recusal of district court judges is codified in 28 U.S.C. §§ 144 and 455. Section 144 provides for recusal "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. To be "legally sufficient," the facts must "'give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment.'" *Cooney v. Booth,* 262 F. Supp. 2d 494, 501 (E.D. Pa. 2003) (quoting *Berger v. United States,* 255 U.S. 22, 33–34 (1921)). The court must accept all facts alleged in the affidavit as true, but need not accept the moving party's conclusions, conjecture, speculation or surmises. *See id.*

Under § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Such disqualification is crucial to maintaining "the public's confidence in the

---

[1] This Court expresses no opinion on Plaintiff's motion seeking the recusal of the Magistrate Judge given that recusal motions are typically decided by the judge a party seeks to recuse. *See Sanders v. Chirstwood*, No. 17-9733, 2020 WL 7417995, at *5 (E.D. La. Dec. 18, 2020); *see also In re Brown*, 551 App'x 620, 622 n.4 (3d Cir. 2014) (noting District Judge declined to rule on recusal motion in relation to the Magistrate Judge). However, given that there is no longer an operative pleading in this case as the complaint is being dismissed without prejudice and closed, this Court finds that referral of that portion of Plaintiff's motion seeking recusal of the Magistrate Judge is not warranted.

[2] This Court notes that Plaintiff's motion was addressed to the Chief Judge. However, this Court is entitled to rule on the motion. *See In re Owoh*, No. 18-11281, 2018 WL 11510944, at *1 (D.N.J. Aug. 28, 2018) (citations omitted) (explaining that the District Judge is entitled to rule on a motion for recusal addressed to the Chief Judge).

judiciary, which may be irreparably harmed if a case is allowed to proceed before a judge who appears to be tainted." *Alexander v. Primerica Holdings. Inc.,* 10 F.3d 155, 162 (3d Cir. 1993) (quoting *In re Sch. Asbestos Litig.,* 977 F.2d 764, 776 (3d Cir.1992)) (other citations omitted). Consequently, even where the judge is not "subjectively biased or prejudiced," he must recuse himself under § 455 "so long as he appears to be so." *In re Cmty. Bank of No. Va.,* 418 F.3d 277, 320 (3d Cir. 2005) (quoting *United States v. Bertoli,* 40 F.3d 1384, 1412 (3d Cir.1994)). In other words, the judge must recuse himself if a "reasonable man . . . would harbor doubts about the judge's impartiality." *In re Cmty. Bank of No. Va.,* 418 F.3d at 320 (citation omitted).

Plaintiff has provided no facts suggesting bias or prejudice meriting recusal. He bases his motion claiming it has taken too long to screen his complaint. However, Plaintiff's complaint was partially screened in September, 2023. Then, this new action was opened on the remaining portion of Plaintiff's complaint. Plaintiff was afforded time to inform this Court whether he wished to proceed given he would owe another $350.00 filing fee. Plaintiff's motions indicate he wishes to proceed.

This Court has now screened and dismissed Plaintiff's complaint as well as decided his outstanding motion for the appointment of *pro bono* counsel. Plaintiff's "[d]issatisfaction with the litigation process is not grounds for recusal." *See Roudabush v. Pirelli*, No. 14-1923, 2015 WL 5567413, at *4 (D.N.J. Sept. 22, 2015) (denying motion for recusal where plaintiff alleged court was taking too long to decide pending motions). Accordingly, Plaintiff's motion for removal/transfer, construed as a motion for recusal, is denied.

## V.    CONCLUSION

For the following reasons, Plaintiff's complaint is dismissed without prejudice as it does not comply with Federal Rule of Civil Procedure 8. Plaintiff's motion for the appointment of *pro*

*bono* counsel is denied without prejudice. Plaintiff's motion for removal/transfer, construed as a

motion for recusal, is denied. An appropriate order will be entered.


DATED: February 8, 2024                                    s/ Robert B. Kugler
                                                           ROBERT B. KUGLER
                                                           United States District Judge